IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

YACHIRA ROMAN and
STEVE ROMAN,

                Plaintiffs,

v.                                                    Case No. 17-2201-JAR

KELLOGG COMPANY,
                Defendant.

## ORDER

Wife-and-husband plaintiffs, Yachira Roman and Steve Roman, bring suit against their former employer, Kellogg Company, alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and the Family and Medical Leave Act ("FMLA"). Defendant has filed a motion to sever plaintiffs' claims pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure (ECF No. 15). For the reasons discussed below, the motion is denied.

I.     Background

Plaintiffs were employed in the mix/bake department at defendant's Kansas City, Kansas facility. Ms. Roman was employed by defendant from May 2015, until June 2016, and Mr. Roman, from August 2015 until May 2016.

Plaintiffs allege that beginning in approximately June 2015, Ms. Roman was subjected to a pattern of repeated sexual harassment by her co-worker, Gary Sambol. Plaintiffs claim that on May 10, 2016, they met with Tiffiny Hollingsworth, a labor

1

relations advisor of defendant, and reported the harassment. Plaintiffs claim that during this meeting, Mr. Roman notified defendant that Ms. Roman had developed extreme anxiety due to the harassment, and requested information concerning a counselor. Plaintiffs allege that immediately after reporting the harassment, they were both suspended pending investigation.

Mr. Roman was terminated on May 19, 2016. According to plaintiffs, Ms. Hollingsworth "stated the reason for [Mr. Roman's] termination was for violating [d]efendant's policy on fighting because he had spoken with Mr. Sambol about harassing his wife."[1] Plaintiffs allege that Ms. Roman was called back to work on May 18, 2016, but that defendant denied her requests for a department transfer and/or to avoid seeing or working with Mr. Sambol.

Plaintiffs claim that on or about May 19, 2016, Ms. Roman notified defendant that she planned to seek FMLA leave due to her severe anxiety. Plaintiffs claim that Ms. Roman was granted non-FMLA leave until May 30, 2016, and that Ms. Roman attempted to return to work thereafter. Plaintiffs claim that defendant again denied Ms. Roman's department-transfer request, and that due to Ms. Roman's extreme anxiety and fear of Mr. Sambol, she was unable to continue working for defendant and was constructively discharged on or about June 20, 2016.

Ms. Roman brings six counts against defendant: two claims under the ADA (Count I, disparate treatment and denial of a reasonable accommodation, and Count IV,

---

[1] ECF No. 1 at 10.

retaliation); three claims under Title VII (Count II, disparate treatment based on sex, Count III, hostile work environment, and Count V, retaliation); and one count under the FMLA (Count VIII, retaliation). Mr. Roman brings four counts against defendant: two claims under the ADA (Count VI, retaliation, and Count IX, discrimination by association); and two counts under Title VII (Count VII, retaliation, and Count X, discrimination by association).

II.   Analysis

Defendant seeks to sever plaintiffs' claims pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure, which govern joinder and misjoinder of parties, respectively. Rule 20(a)(1) states:

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

"The purpose of Rule 20(a) is 'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'"[2] The Supreme Court has recognized that, under the Rules of Civil Procedure, "joinder of claims, parties and remedies is strongly encouraged."[3]

---

[2] *Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D. Kan. 2001) (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652, at 395 (3d ed. 2001)).

[3] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (citing Rules 2, 18–20, & 42).

Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

Defendant first argues that joinder of plaintiffs' claims is inappropriate under Rule 20(a)(1). Specifically, defendant contends that plaintiffs' claims do not arise out of the same transaction or occurrence, or involve common questions of fact or law, because Mr. Roman was terminated for violating defendant's workplace violence policy by physically assaulting and threatening Mr. Sambol—"reasons wholly separate from Ms. Roman's allegations against [defendant]."[4] Defendant further asserts that Ms. Roman's discrimination and constructive-discharge claims and Mr. Roman's associational-discrimination and retaliatory-discharge claims present unique questions of law and fact.

The court has no trouble finding that plaintiffs assert claims arising from the same transaction or occurrence, thereby satisfying the first requirement of Rule 20(a)(1). Defendant dismisses the May 10, 2016 meeting between plaintiffs and Ms. Hollingsworth as presenting "[t]he only facts that intersect,"[5] but both plaintiffs assert discrimination and retaliation claims arising from this meeting. Both plaintiffs claim they engaged in protected activity under Title VII by reporting sexual harassment at the May 10, 2016 meeting, and that they suffered adverse action as a result. Plaintiffs also claim that at the same meeting, Mr. Roman put defendant on notice of Ms. Roman's disability, and that as

---

[4] ECF No. 16 at 6.

[5] *Id.* at 5.

a result, plaintiffs suffered discrimination and retaliation in violation of the ADA. Although defendant claims that Mr. Roman's employment was terminated "for legitimate, non-discriminatory and non-retaliatory reasons"[6] unrelated to Ms. Roman's allegations against defendant, the court cannot make such a finding at this pre-discovery stage of the litigation, in the context of this motion.

As to the second requirement of Rule 20(a), the court recognizes that not all issues of law and fact overlap. However, "[m]ultiple plaintiffs are free to join their claims in a single suit when '*any* question of law or fact common to all plaintiffs will arise in the action.'"[7] "Not *all* questions of law or fact need be common; rather, only *some* questions must be common."[8] Moreover, the "common question need not predominate; that's a requirement for class actions, not for permissive joinder."[9] Here, there are numerous common issues of law and fact. For example, whether plaintiffs engaged in protected activity at the May 10, 2016 meeting is a question common to the claims of both plaintiffs, and satisfies Rule 20(a)(1)(B).

---

[6] *Id.* at 6.

[7] *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011) (emphasis in original) (quoting Fed. R. Civ. P. 20(a)(1)(B)).

[8] *Wagoner v. Pfizer, Inc.*, No. 07-1229-JTM, 2008 WL 2937249, at *2 (D. Kan. July 24, 2008) (emphasis in original). *See also Alexander v. Fulton Cty.*, 207 F.3d 1303, 1324 (11th Cir. 2000) (overruled on other grounds) ("The second prong of Rule 20 does not require that *all* questions of law and fact raised by the dispute be common, but only that *some* question of law or fact be common to all parties.").

[9] *Lee*, 635 F.3d at 971.

Finally, defendant argues that it will be prejudiced if plaintiffs' claims are not severed. Defendant claims that if Mr. Roman is permitted to attend depositions as a party, he may seek to exert undue influence on Ms. Roman's testimony and/or reframe his own testimony based upon information he learns during depositions. Defendant also asserts that allowing plaintiffs to bring their claims together would circumvent the limits of discovery and allow each plaintiff to discover information and documents unrelated to his or her own claims. Finally, defendant argues that joinder of plaintiffs' claims creates the risk of jury confusion.

The court finds defendant's assertions of prejudice unpersuasive, at least at this early stage of the litigation. Given the common issues in this case, the court finds that joinder of plaintiffs' claims promotes efficiency outweighing any prejudice to defendant. Defendant provides no support for its stated concern regarding Mr. Roman's presence at depositions, and as plaintiffs point out, a protective order could prohibit the use of confidential information outside of this lawsuit. To the extent defendant asserts prejudice resulting from trial, defendant may raise this issue in connection with the final pretrial conference.

IT IS SO ORDERED.

Dated October 19, 2017, at Kansas City, Kansas.

                                  s/ James P. O'Hara
                                  James P. O'Hara
                                  U.S. Magistrate Judge